# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CECIL BARNETT, Jr.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 19-2675-JWL |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act. (EAJA) (28 U.S.C. § 2412) (Doc. 21) (hereinafter EAJA Mot.). The Commissioner acknowledges that a fee award is proper but argues that the amount requested is unreasonable because Plaintiff did not exercise proper billing judgment, because the time expended in preparing the briefs was excessive considering the simplicity of the case and the verbosity of the brief, because Plaintiff's billing documentation is insufficient, and because the hourly rate calculated is excessive. (Doc. 22) (hereinafter Comm'r EAJA Resp). The court finds Plaintiff has not met his burden to establish that the amount of time billed in preparation of his Social Security Brief was reasonably appropriate or necessary to the results obtained, and that counsel erred in

calculating the cost of living increase to establish the hourly rate of compensation. Therefore, the court PARTIALLY GRANTS Plaintiff's motion for attorney fees for 27 hours at the rate of $196.31 and 3.5 hours at the rate of $98.16, resulting in a total fee award of $5,643.93 as explained hereinafter.

**I.      Background**

Plaintiff sought review of the Commissioner's decision denying disability insurance benefits and supplemental security income. (Doc. 1). The Commissioner answered and filed the transcript of record with the court. (Doc. 8, & Attach. 1). After briefing was complete, this court determined, and the parties agreed, that "the ALJ did not address the treating source medical opinion of Dr. Holladay." (Doc. 19, p.6). The court entered judgment remanding the case for a proper evaluation. (Doc. 20). Plaintiff now seeks payment of attorney fees pursuant to the EAJA. (Doc. 21).

Plaintiff's counsel asserts that he expended forty-three hours in representing Plaintiff before this court. Plaintiff's counsel also asserts that the fee cap under the EAJA, adjusted for cost of living increases, is $203.95 per hour.

**II.     Legal Standard**

The court has a duty to evaluate the reasonableness of every fee request. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-34 (1983). The EAJA,[1] 28 U.S.C. § 2412, requires that

---

[1]In relevant part, the EAJA states:

(d)(1)(A) ...a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of

2

a court award a fee to a prevailing plaintiff unless the court finds that the position of the United States was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995) (citing Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991)). The test for substantial justification is one of reasonableness in law and fact. Id. The Commissioner bears the burden to show substantial justification for his position. Id.; Estate of Smith, 930 F.2d at 1501. The maximum fee of $125 per hour provided in § 2412(d)(2)(A), if awarded, may be adjusted for increases in the cost of living. Harris v. R.R. Ret. Bd. 990 F.2d 519, 521 (10th Cir. 1993); 28 U.S.C. § 2412(d)(2)(A)(ii). The Commissioner does not argue that the position of the United States was substantially justified.

The party seeking attorney fees bears the burden of proving that its request is reasonable and must "submit evidence supporting the hours worked." Hensley, 461 U.S. at 433, 434. The objecting party has the burden to challenge, through affidavit or brief, with sufficient specificity to provide notice to the fee applicant the portion of the fee

---

the United States was substantially justified or that special circumstances make an award unjust. ...

(2)(A) For the purposes of this subsection--

... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, ... justifies a higher fee.

28 U.S.C. § 2412.

petition which must be defended.   Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989).

**III.   Discussion**

    **A.   Arguments**

The Commissioner agrees that award of a fee under the EAJA is appropriate in this case but disagrees with the amount of the fee requested.   He argues that Plaintiff's request for EAJA fees should be reduced because Plaintiff's counsel did not use appropriate billing judgment and erred in calculating the appropriate hourly rate under the Act.   (Comm'r EAJA Response).   Specifically, he complains that counsel did not keep time records sufficient to justify the hours worked, id. at 2-3, that the record is small, the issues argued are routine, and the court noted Plaintiff's Brief was in an "unclear and rambling 'stream of consciousness' style."   Id. at 4 (quoting without citation the court's decision, Doc. 19 at 6).   The Commissioner argues counsel also inappropriately billed for clerical tasks such as filing documents, preparing a cover sheet, in forma pauperis, affidavit, and summonses.   Id. at 5 (citing Missouri v. Jenkins, 491 U.S. 274, 288, n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate [(or at a lawyer rate)], regardless of who performs them," although "non-legal work may command a lesser rate.")).   Finally, he argues counsel calculated the allowable rate of compensation erroneously.

Plaintiff's counsel argues that the fees requested are reasonable and necessary. He argues the briefing showed that the ALJ had not fully evaluated the medical evidence,

the ALJ picked and chose evidence only favorable to his position, and he showed the proper context in which the ALJ should have viewed the evidence.   (Doc. 23) (hereinafter Pl. EAJA Mem.).   He argues that the Commissioner's argument that the compensation rate is too high relies upon a court decision which can be distinguished and he points to a case from the District of Kansas allowing an hourly rate of $200.00.

### B. Analysis

The court agrees with the Commissioner that the record in this case, at 524 pages, was small and the issues routine.   Moreover, Plaintiff's presentation was verbose and spent a great deal of time explaining how the evidence "should have been" weighed rather than demonstrating the error in the ALJ's decision.   Finally, the Commissioner is correct that counsel's documentation of his billing was excessively general in charging for research and writing Plaintiff's Brief in a single entry of 25 hours expended between January 4 and March 30.   (EAJA Mot. 5).   This provides no indication of a contemporaneous accounting, but merely appears to be an after-the-fact estimation.   For all these reasons, the court finds it proper to reduce the hours billed for Plaintiff's Brief by half to 12.5 hours.   The court notes that it is improper to charge clerical tasks at an attorney's rate even if performed by an attorney.   Therefore, it finds that the 3.5 hours billed for actions including preparation of the civil cover sheet, completing the in forma pauperis affidavit, and preparation of summonses should be paid at a clerical rate.   Since neither party has suggested what a clerical rate should be, the court finds it appropriate to bill clerical work at 50% of the attorney rate.

Finally, the court agrees with the Commissioner that Plaintiff's counsel calculated the allowable rate incorrectly. The court notes that both parties applied the same formula to their calculation of the allowable rate. That formula was expressed by Plaintiff's counsel as (((current CPI – March 1996 CPI) (100) / (March 1996 CPI)) x $125.00) + $125.00.[2] The Commissioner expressed the formula more simply as ($125.00 X (current CPI)) / March 1996 CPI. The problem is that each party used different values for the March 1996 CPI and for the current CPI. Neither party, however, provided source documentation for their values. Therefore, the court went to the U.S. Bureau of Labor Statistics web site and downloaded the historical Consumer Price Index table for the Midwest region. Available online at, https://www.bls.gov/regions/midwest/data/consumerpriceindexhistorical_midwest_table.pdf. (last visited December 15, 2020). That table reveals the CPI for March 1996, was 148.3. When Plaintiff filed this case, on November 1, 2019 the CPI was 232.714, and when Plaintiff filed his Reply Brief in June 2020 the CPI was 233.089. The court average those two figures for a "Current CPU" of 232.902. Using either Plaintiff's or the Commissioner's formula and the figures above, results in a permissible hourly attorney rate of $196.31. Based upon the court's findings above, the clerical rate would be $98.16.

---

[2] Though Plaintiff's counsel did not express his calculations in a mathematical formula, this is the formula resulting from his calculations. Moreover, given the same values, both formulas yield the same result.

Reducing counsel's billed hours by the 12.5 hours not allowed as discussed above results in a total allowable hours of 30.5, of which 3.5 are clerical hours and 27 are attorney hours.   Therefore, the court finds reasonable fees pursuant to the EAJA of $5,300.37 (196.31 x 27) for attorney hours and $343.56 (98.16 x 3.5) for clerical hours, resulting in a total award of $5,643.93.

**IT IS THEREFORE ORDERED** that plaintiff's "Application for Attorney Fees pursuant to the Equal Access to Justice Act" (Doc. 21) be GRANTED in part and DENIED in part, and that fees be awarded in the sum of $5,643.93.

Dated this 16th day of December 2020, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**